UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____

| | | |
|---|---|---|
| **SUSAN DAPKUS** | : | **CASE NO:** |
|     Plaintiff | | 3:19-cv-01583-KAD |
| **VS.** | | |
| **ARTHUR J. GALLAGHER SERVICE** | | |
| **COMPANY, LLC** | : | **NOVEMBER 17, 2020** |
|     Defendant | | |

_____

## MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

On November 13, 2020, defense counsel issued a Subpoena to be served on the non-party witness, Kate McGetrick, LMFT ("Subpoena"). **Subpoena and Notice of Deposition, Exhibit A**. The Subpoena was served on November 15, 2020 and commanded Ms. McGetrick to appear for a deposition on November 18, 2020 and to produce her cell phone records from June and July 2018. Pursuant to F.R.C.P. Rule 45, the non-party witness hereby objects to the production of records sought and seeks entry of an Order: (1) quashing the Subpoena (i) as the non-party has already been fully deposed by the parties and produced records pursuant to prior document requests, (ii) the document production sought is overly broad and unduly burdensome, and (iii) the information sought is equally available from the plaintiff, and (2) prohibiting the parties from questioning her further at deposition or obtaining additional records from her in connection with this matter and/or the treatment rendered to the plaintiff.

I.     **FACTUAL BACKGROUND**

Kate McGetrick is a licensed marriage and family therapist ("LMFT") who treated the

plaintiff. Defense counsel issued a Subpoena on September 21, 2020 commanding Ms. McGetrick to produce her records regarding the plaintiff's treatment. Pursuant to the authorization executed by the plaintiff, whereby the plaintiff waived the privilege as to her communications and treatment with Ms. McGetrick and consented to the disclosure to defense counsel, Ms. McGetrick produced over 100 pages of records on October 12, 2020, with a supplemental document production on October 18, 2020.

Following service of the Subpoena for records, defense counsel also sought to depose Ms. McGetrick. There were no additional document requests attached to the Notice of Deposition. Ms. McGetrick was deposed by the parties on November 10, 2020. (Defense counsel would not agree to scheduling the deposition for a half-day, stating she "cannot guarantee any specific timeframe," and therefore Ms. McGetrick was forced to cancel a full day of clients and lose a day of income.) At deposition, Ms. McGetrick testified that all documents in her possession that were responsive to the Subpoena had been produced and nothing had been withheld. The non-party was thoroughly deposed by counsel for the plaintiff and defendant, with defense counsel asking the overwhelming majority of the questions. At no time was Ms. McGetrick instructed to refrain from answering any question, and the questioning continued until neither attorney had any further questions for the witness, the deposition was concluded, and the deponent excused by counsel.

Defense counsel has now served Ms. McGetrick with a second Subpoena and Notice of Deposition and seeks to obtain the witness's personal cell phone records. There is simply no adequate basis for Ms. McGetrick to be forced to undergo another deposition and to set aside another day, without pay, for such deposition to occur. There is similarly no reason for the

witness to be forced to comply with another round of document production, particularly when the information sought may be obtained from the plaintiff.

## II.   ARGUMENT

It appears from the Subpoena that the defendant is attempting to determine if and when the plaintiff called Ms. McGetrick in June and July 2018 regarding engaging in therapy and therapy appointments.  This issue was explored in depth by the parties during Ms. McGetrick's deposition.  Specifically, Ms. McGetrick testified that the plaintiff did not become her client until the initial intake appointment on July 26, 2018.  She also testified that there was at least one phone call with the plaintiff prior to this appointment.  Ms. McGetrick further testified that in the summer of 2018, her personal cell phone was the phone she used for her work as a therapist, and she did not have a separate phone number for the business.  Ms. McGetrick was asked extensively about any appointments scheduled with the plaintiff prior to July 26th and whether she had any documentation of a prior appointment or a prior appointment being cancelled. During the deposition, no additional records were requested from Ms. McGetrick and counsel did not leave the deposition open as to any issues or topics.[1]

During the deposition, Ms. McGetrick provided the number for her cell phone.  If counsel seeks to further investigate any call made by the plaintiff to Ms. McGetrick prior to her engaging in therapy with Ms. McGetrick this information can and should be obtained from the plaintiff's phone records.  **Ms. McGetrick does not have possession of her cell phone records, showing all calls made and received, from the summer of 2018 and should not be required**

---

[1] As the deposition was conducted on November 10th, the transcript is not yet available, and therefore the undersigned is not able to quote from the transcript or attach any relevant excerpts.

**to obtain them from her phone company**.  Pursuant to F.R.C.P. Rule 26 (b)(2)(C), "the court must limit the frequency or extent of discovery… if it determines that: (i) the discovery sought… can be obtained from some other source that is more convenient, less burdensome, or less expensive, or (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  Moreover, the request for **two months** of the **non-witness's personal cell phone records** is overly broad and inappropriate in that the records will contain information regarding **other therapy clients** and personal information unrelated to this case.  As the question of if and when the plaintiff called Ms. McGetrick may be easily determined from the plaintiff's own phone records, there is no valid reason to subpoena the records from Ms. McGetrick or to take her deposition a second time.  As stated in F.R.C.P. Rule 45(a)(d)(1), a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and "the court…must enforce this duty and impose an appropriate sanction… on a party who fails to comply."  Seeking phone records from a non-party that the defendant has not sought and obtained from the plaintiff at any point during the litigation is not taking reasonable steps to avoid imposing undue burden or expense on the non-party.  Serving a second subpoena on a non-party for a second deposition scheduled three days later is not taking reasonable steps to avoid imposing undue burden or expense on the non-party.   Moreover, F.R.C.P. Rule 30(a)(2)(A)(ii) requires a party to obtain leave of court to depose a person when the deponent has already been deposed in the case.  Such permission has not been requested, much less obtained.

Ms. McGetrick's deposition was previously conducted and completed on November 10, 2020.  Taking the deposition of Ms. McGetrick a second time, eight days later, is unreasonable

and oppressive. The non-party set aside a full day to attend a deposition and produced all records requested in advance of the deposition. The defendant had adequate time and opportunity to question her, and Ms. McGetrick answered each and every question that was posed. Accordingly, good cause exists for entry of an Order quashing the Subpoena to protect the non-party from further annoyance, oppression, and undue burden and expense.

### III.     CONCLUSION

For the foregoing reasons, Ms. McGetrick respectfully requests an Order quashing the Subpoena and prohibiting the defendant from questioning her further at deposition or obtaining her personal cell phone records.

**KATE MCGETRICK, LMFT**

BY:   /s/ Kay A. Williams
      Kay A. Williams (ct27748)
      Cooney, Scully, and Dowling
      Hartford Square North
      Ten Columbus Boulevard
      Hartford, CT 06106
      Telephone: (860) 527-1141
      Fax: (860) 247-5215
      E-mail: kwilliams@csd-law.com

## **CERTIFICATION**

THIS IS TO CERTIFY that on November 17, 2020 a copy of the foregoing Motion to Quash and Motion for Protective Order was electronically filed and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                          /s/ Kay A. Williams
                                                          Kay A. Williams